UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KINGSLEY CHUKWU ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01615 (RWR) |
| ) | |
| AMERICAN UNIVERSITY ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendant American University (the "University"), through undersigned counsel, hereby answers the First Amended Complaint for Damages and Injunctive Relief ("Amended Complaint") filed by Plaintiff Kingsley Chukwu ("Plaintiff"). Any allegation not specifically admitted is denied.

## I.   JURISDICTION AND PARTIES

1. The University admits that the Amended Complaint purports to assert claims that would support "[j]urisdiction of this Court[,]" but denies the factual and legal sufficiency of those claims and demands strict proof thereof. This case was originally filed in the Superior Court for the District of Columbia, and properly removed to this Court on September 12, 2007.

2. The University admits that Plaintiff is a "black male individual" and that his hair "is wrapped in thick dreadlocks." The University is without information or

knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. The University admits it is an educational institution of higher learning located in the District of Columbia at 4400 Massachusetts Avenue, N.W. Washington, D.C. 20016. The University neither admits nor denies the remaining allegations of paragraph 3, because they contain a legal conclusion to which no response is required.

## II.   FACTS

4. The University admits the allegations of paragraph 4.

5. The University admits that Plaintiff had the responsibilities set forth in paragraph 5, but denies the remaining allegations of paragraph 5.

6. The University is without knowledge or sufficient information to form a belief as to the truth of the second and third sentences of paragraph 6. The University denies the remaining allegations of paragraph 6.

7. The University denies the allegations of paragraph 7.

8. The University denies the allegations of paragraph 8.

9. The University denies the allegations of paragraph 9.

10. The University denies the allegations of paragraph 10.

11. The University denies the allegations of paragraph 11.

12. The University denies the allegations of paragraph 12.

13. The University denies the allegations of paragraph 13.

14. The University is without knowledge or sufficient information to form a belief as to the truth of the allegations of paragraph 14, and demands strict proof thereof.

15. The University admits that the Office of Public Safety received numerous complaints regarding Plaintiff and brought them to his attention. The University denies the remaining allegations of paragraph 15.

16. The University denies the allegations of paragraph 16.

17. The University admits that Plaintiff worked for the University for approximately seven and a half years. The University denies the remaining allegations of paragraph 17.

18. The University admits that Plaintiff was repeatedly written up and terminated, in part, for "tardiness and absence[.]" The University denies the remaining allegations of paragraph 18.

19. The University admits that Plaintiff was written up and terminated, in part, for "technical incompetence, and scheduling and tracking errors[.]" The University denies the remaining allegations of paragraph 19.

20. The University is without knowledge or sufficient information to form a belief as to the truth of the allegation that Plaintiff "was teaching as an adjunct professor." The University denies the remaining allegations of paragraph 20.

21. The University admits that "Plaintiff received a 'Final Written Warning' from his supervisor, Eric Gordon" on April 13, 2006, the contents of which speak for itself. The University denies the remaining allegations of paragraph 21.

22. The University admits that Plaintiff was removed from the "weekend work shifts," restricted in "his work hours which would now be designated by his supervisor, was banned from entering student dormitories" unless requested to do so by his supervisor, and was "required to attend a harassment training session." The University denies the remaining allegations of paragraph 22.

23. The University denies the allegations of paragraph 23.

24. The University admits that Plaintiff "wrote several grievance letters to AU officials" including John Richards and the Office of Equal Employment Opportunity and Employee Relations, the contents of which speak for themselves. To the extent that paragraph 24 purports to paraphrase the contents of the grievance letters, it is denied.

25. The University states that the contents of the first two letters speak for themselves. To the extent that paragraph 25 purports to paraphrase the contents of the grievance letters, it is denied.

26. The University denies the allegations of paragraph 26.

27. The University admits that it issued Plaintiff a Performance Improvement Plan (PIP) on May 17, 2006, the contents of which speak for itself. To the extent that paragraph 27 purports to paraphrase the contents of the PIP, it is denied.

28. The University denies the allegations of paragraph 28.

29. The University states that the PIP documentation speaks for itself. To the extent that paragraph 29 purports to paraphrase the contents of the PIP documentation, it is denied. The University denies the remaining allegations of paragraph 29.

30. The University denies the allegations of paragraph 30.

31. The University denies the allegations of paragraph 31.

32. The University admits that Plaintiff received a "Level III Final Warning" from Mr. Brownlee on June 12, 2006. The University denies the remaining allegations of paragraph 32.

33. The University admits that Plaintiff received a "Letter of Termination" on July 7, 2006, the contents of which speak for itself. The University denies the remaining allegations of paragraph 33.

34. The University denies the allegations of paragraph 34.

35. The University states that the Statement of Appeal speaks for itself. To the extent that paragraph 35 purports to paraphrase the content of the Statement of Appeal, it is denied.

36. The University states that the letters speak for themselves. To the extent that paragraph 36 purports to paraphrase the content of the letters, it is denied.

37.     The University admits that Plaintiff appeared before an AU Hearing Panel on October 19, 2006, which upheld Plaintiff's termination on December 18, 2006. The University denies the remaining allegations of paragraph 37.

38.     The University denies the allegations of paragraph 38.

39.     The University admits that Plaintiff's supervisor signed Plaintiff's application for Family or Medical Leave, which requested three hours of leave on Tuesdays and two hours of leave on Fridays, on February 13, 2006. The University denies the remaining allegations of paragraph 39.

40.     The University denies the allegations of paragraph 40.

### III.   CAUSES OF ACTION

**COUNT I: Race Discrimination Under the DCHRA**

41.     The University incorporates its responses to paragraphs 1 through 40 as if specifically set forth herein.

42.     Paragraph 42 states a legal conclusion to which no response is required.

43.     The University denies the allegations of paragraph 43.

44.     The University denies the allegations of paragraph 44.

45.     The University denies the allegations of paragraph 45.

In response to the prayer for relief following paragraph 45, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the

allegations contained in paragraphs 1 through 45 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

## COUNT II: National Origin Discrimination Under the DCHRA

46.     The University incorporates its responses to paragraphs 1 through 45 as if specifically set forth herein.

47.     The first sentence of paragraph 47 contains a legal conclusion to which no response is required. The University is without knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 47.

48.     The University denies the allegations of paragraph 48.

49.     The University denies the allegations of paragraph 49.

50.     The University denies the allegations of paragraph 50.

In response to the prayer for relief following paragraph 50, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 50 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

## COUNT III: Age Discrimination Under the DCHRA

51. The University incorporates its responses to paragraphs 1 through 50 as if specifically set forth herein.

52. The first sentence of paragraph 52 contains a legal conclusion to which no response is required. The University admits the allegations of the second sentence of paragraph 52.

53. The University denies the allegations of paragraph 53.

54. The University denies the allegations of paragraph 54.

55. The University denies the allegations of paragraph 55.

In response to the prayer for relief following paragraph 55, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 55 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

## COUNT IV: Religious Discrimination Under the DCHRA

56. The University incorporates its responses to paragraphs 1 through 55 as if specifically set forth herein.

57. The first sentence of paragraph 57 contains a legal conclusion to which no response is required. The University lacks knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 57.

58. The University denies the allegations of paragraph 58.

59. The University denies the allegations of paragraph 59.

60. The University denies the allegations of paragraph 60.

In response to the prayer for relief following paragraph 60, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 60 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

### COUNT V: Personal Appearance Discrimination Under the DCHRA

61. The University incorporates its responses to paragraphs 1 through 60 as if specifically set forth herein.

62. The first sentence of paragraph 62 contains a legal conclusion to which no response is required. The University admits that Plaintiff keeps his hair "in thick coiled dreadlocks on top of his head[]" but lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations of paragraph 62.

63. The University denies the allegations of paragraph 63.

64. The University denies the allegations of paragraph 64.

65. The University denies the allegations of paragraph 65.

In response to the prayer for relief following paragraph 65, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 65 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

### COUNT VI: Hostile Work Environment Based Upon Race, National Origin, Religion and Personal Appearance Under the DCHRA

66. The University incorporates its responses to paragraphs 1 through 65 as if specifically set forth herein.

67. Paragraph 67 contains a legal conclusion to which no response is required.

68. The University denies the allegations of paragraph 68.

69. The University denies the allegations of paragraph 69.

70. The University denies the allegations of paragraph 70.

In response to the prayer for relief following paragraph 70, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 70 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

### COUNT VII: Unlawful Retaliation

71. The University incorporates its responses to paragraphs 1 through 70 as if specifically set forth herein.

72. The University states that the letters speak for themselves. To the extent that paragraph 72 purports to paraphrase the contents of the letters, it is denied.

73. The University denies the allegations of paragraph 73.

74. The University denies the allegations of paragraph 74.

75. The University denies the allegations of paragraph 75.

In response to the prayer for relief following paragraph 75, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 75 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

**COUNT VIII: Violation of the DC Wage Payment and Wage Collection Law**

76. The University incorporates its responses to paragraphs 1 through 75 as if specifically set forth herein.

77. Paragraph 77 contains legal conclusions to which no response is required.

78. The University denies the allegations of paragraph 78.

In response to the prayer for relief following paragraph 78, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 78 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

### COUNT IX: Violation of the D.C. Minimum Wage Act Revise Act (Overtime)

79. The University incorporates its responses to paragraphs 1 through 78 as if specifically set forth herein.

80. Paragraph 80 contains legal conclusions to which no response is required.

81. The University admits that Plaintiff "worked over forty hours per work on two occasions" on the nights of the Super Bowl and the Academy Awards. The University denies the remaining allegations of paragraph 81.

In response to the prayer for relief following paragraph 81, the University hereby incorporates all of its foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 81 of the Amended Complaint. The University denies that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

### COUNT X: Discipline and Termination Based Upon FMLA Protected Absence

82. The University incorporates its responses to paragraphs 1 through 81 as if specifically set forth herein.

83. The University denies the allegations of paragraph 83.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

12

2. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Laches.

4. Plaintiff's claims are barred, in whole or in part, by the principle of estoppel, waiver, discharge, and/or release.

5. Plaintiff has failed to state sufficient facts to justify an award of compensatory or punitive damages.

6. Plaintiff's damages, if any, are barred by his failure to mitigate.

7. Plaintiff's claims are barred because the University's actions were based on nondiscriminatory factors other than Plaintiff's alleged race, religion, age, national origin, or physical appearance.

8. Plaintiff's claims are barred to the extent he failed to properly exhaust administrative remedies to the extent that he has elected an administrative remedy.

WHEREFORE, the University prays for judgment that:

A. Plaintiff takes nothing by this action;

B. Defendant be awarded its costs of this suit;

C. Defendant be awarded its attorneys' fees for this suit; and

D. For such other and further relief as this Court deems just and proper.

DATED: September 19, 2007           Respectfully submitted,

/s/ Rebecca M. Carr
Christine N. Kearns (D.C. Bar No. 416339)
Rebecca M. Carr (D.C. Bar No. 488274)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC  20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
christine.kearns@pillsburylaw.com
rebecca.carr@pillsburylaw.com

*Counsel for Defendant American University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2007, the foregoing "Answer to First Amended Complaint for Damages and Injunctive Relief" was served electronically and by first-class mail, postage prepaid, on the following counsel of record:

Philip B. Zipin
Nancy S. Brewer
The Zipin Law Firm, LLC
8403 Colesville Road
Suite 610
Silver Spring, MD 20910

*/s/ Rebecca M. Carr*
Rebecca M. Carr (D.C. Bar No. 488274)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC  20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
rebecca.carr@pillsburylaw.com

*Counsel for Defendant American University*